IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES DENT,

    Plaintiff,

v.                                                                  No. 18-cv-1156-DRH-DGW

JEFFERY M. DENNISON, L. WALKER, LT.
PICKFORD, SAMUEL STERRETT, and
LANCE MAHAN

    Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.     INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("the Report") issued by Magistrate Donald G. Wilkerson on July 13, 2018 (doc. 32) regarding plaintiff Dent's Motion for Temporary Restraining Order and Preliminary Injunction (doc. 3)[1]. Concisely, plaintiff seeks that defendants be enjoined and ordered to permit plaintiff to attend weekly religious services for both Catholics and Protestants on the days and times set out by the Chaplain. The Report recommends that the Court grant plaintiff's request. While the undersigned holds in high regard the opinion of the magistrate judge, he

---

[1] Because defendants have had notice of the pending motion, the Court construes the motion as seeking a preliminary injunction and the request for a temporary restraining order is moot.

1

respectfully declines to adopt the Report's conclusions of law. Based on the record, applicable law, and the following, the Court **REJECTS** the Report's finding that plaintiff's motion for preliminary injunction be granted.

In the motion addressed by the Report, plaintiff complains that he has been prohibited from attending multiple religious services a week at Shawnee Correctional Center after filing a Prison Rape Elimination Act ("PREA") complaint against volunteer pastor Mahan. Prior to the filing of this complaint, plaintiff had been attending both Protestant and Catholic services, despite his primary religious affiliation selected as Catholic. After filing the PREA complaint, plaintiff was informed by Chaplain Sterrett that he would only be permitted to attend Catholic mass due to the Illinois Administrative Code provision stating that an inmate may only attend the religious services of their designated religion (or non-denominational religious services). 20 Ill. Admin. Code § 425.30(f). Chaplain Sterrett also began review of all chapel lines to ensure that all Shawnee inmates were attending services that comport with the Illinois Administrative Code provisions. Plaintiff argues his removal from the Protestant religious services constitutes "harm" and wants it to stop. As the magistrate judge points out, plaintiff did not specify the type of harm he was suffering or would likely suffer in the future.

A hearing was held on plaintiff's motion for preliminary injunction on June 23, 2018. Both plaintiff and Chaplain Sterrett testified. After the hearing, Judge Wilkerson issued his Report pursuant to 28 U.S.C. § 636(b)(1)(B), recommending

the Court grant plaintiff's motion due to plaintiff demonstrating a likelihood of success on the merits. The Report also found that no burden was placed on defendants by allowing plaintiff to attend services outside his designated religion. Doc. 32 at 6. The magistrate judge reasoned that plaintiff was only prevented from attending Protestant services due to a "desire to conform to administrative directives" and that "there has been no security or economic concern" presented by defendants to necessitate the attendance policy change. *Id.* The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service the Report. Defendants filed their objections on August 9, 2018 (doc. 38).

## II. STANDARD OF REVIEW

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1)(C), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

*Id.*

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the

3

Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here, defendants object to the Report generally in its entirety, with specific focuses on the way the Report described and applied the Illinois Administrative Code (*see* doc. 38 at 5-7); the analysis of plaintiff showing a likelihood of success on the merits (*id.* at 7-9); and the finding that the balance of harm weighs in plaintiff's favor (*id.* at 9-11).

### III.    ANALYSIS

A preliminary injunction is a drastic remedy and should not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). A party seeking a preliminary injunction must demonstrate four factors, of which the first two are a threshold inquiry that if not met, the court's inquiry is over.[2] *See Abbot Lab. V. Mead Johnson & Co.*, 971 F. 2d 6, 11 (7th Cir. 1992). The four factors are: (1) the party is reasonably likely to succeed on the merits; (2) no adequate remedy at law exists and the movant will suffer irreparable harm if the

---

[2] As the Report notes, in the context of a First Amendment case the reasonable likelihood of success factor is "usually the decisive factor," *Wisconsin Right to Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014), and this proposition extends to a RLUIPA claim protecting religious rights. *See Korte v Sebelius*, 735 F.3d 654, 666 (7th Cir. 2013).

4

preliminary relief is denied; (3) this irreparable harm, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. *Id*. at 11-12. The Court is not convinced that plaintiff has demonstrated a likelihood of success on the merits or that he will suffer from irreparable harm if a preliminary injunction is not granted.

In his motion, plaintiff has not demonstrated or alleged any irreparable harm – just that he is unhappy with changing operations at Shawnee regarding how many religious services inmates may attend[3]. The Court, *sua sponte*, also does not find a showing of harm within the record. Despite plaintiff's claims that his personal removal from services not designated for Catholics is a result of his filing a PREA complaint, the Illinois Administrate Code is clear that an inmate is only entitled to attend the religious services/activities of their designated religion **or** non-denominational services. 20 Ill. Admin. Code § 425.30(f); s*ee also* Testimony of Chaplain Sterrett, doc 33, 17:12-21 ("Q. Chaplain, are inmates that are not - - that are designated a certain religion, are they allowed to attend religious services that are not that designation? A. As a general rule, no. It is - - they are allowed to declare their religion. They may attend a chap line or activity that matches that religion. They may attend a nondenomination or interdenominational activity. But if it is an activity for a religion that does not match their denomination they generally may not attend.").

---

[3] The Report acknowledges that plaintiff did not specify the type of harm he is suffering. *See* doc. 32 at 6.

5

Plaintiff is currently allowed to attend the services permissible under the Illinois Administrative Code and simply wishing to attend others does not properly show harm of the kind necessary to institute a preliminary injunction. *See Harlem Algonquin, LLC v. Canadian Funding Corp.*, 742 F. Supp. 2d 957, 960 (N.D. Ill. 2010) (preliminary injunctions are "cautiously viewed and sparingly issued[.]"). This Court is not prepared to find that the directives of the Administrative Code are something to take lightly or are able to be ignored. The Code is whole and apart from simple administrative directives, *see* Illinois Administrative Procedure Act 5 ILCS 100/*et seq*, and carries the force and effect of law. *People v. Bonutti*, 212 Ill. 2d 182, 188 (2004) (administrative regulations have the force and effect of law and are construed according to the same standards that govern the construction of statutes).

Further, the record shows that plaintiff does have an adequate remedy at law for the outcome he desires. Under the Administrative Code, inmates are able to request attendance at religious services outside their main designation by submitting a written request to the facility chaplain. The chaplain will then determine if attendance is appropriate based on factors such as space, resources, security, and safety. 20 Ill. Admin. Code § 425.30(g). Plaintiff has not made such request. At the hearing, plaintiff testified that he had only filed a grievance and has made no request to any chaplain to attend further religious services in addition to Catholic mass. *See* doc. 33, 12:13-16 ("Q. Have you made a - - I'm

just trying to find out if you made a request since then. But you filed a grievance. Have you made any other requests besides the grievance? A. No.").

If an inmate does make a written request to attend services outside their main religious affiliation –not the case here- the chaplain must then determine, among other criteria, if any safety or security concerns arise from allowing attendance. 20 Ill. Admin. Code § 425.30(g). At the hearing, Chaplain Sterrett demonstrated that one way an inmate attending multiple services can present a security concern is by disrupting the services via talking to other inmates or otherwise not paying attention. Doc. 33 at 26:7-16 ("If [inmates] are [] disrupting the service in some way or another - - that is, by not paying attention - - that can be a grounds, and it would basically be classified as a safety or security issue, instead of paying attention to the service and as if they are using it as an avenue when they could possibly get together and socialize at the back of a chapel[.]"). Chaplain Sterrett continued that in this regard, plaintiff had been known to be disruptive during services. *Id.* 26:17-21. *See also* Compl., doc. 1 at ¶ 43 (plaintiff acknowledges [though denies] he was removed from Protestant service on April 8, 2018 due to volunteer chaplain's concern over plaintiff's talking during the service). The Court believes that had plaintiff made the proper request to continue attending Protestant services, defendants have established a reasonable penal concern regarding plaintiff's attendance of services outside his Catholic designation.

Based on the foregoing, plaintiff has not demonstrated a reasonable likelihood of success on the merits. Defendants have shown legitimate security trepidations with allowing plaintiff to continue on with attending both Catholic and Protestant services. Further, plaintiff has an adequate remedy at law he has not yet pursued and he has not alleged any irreparable harm absent the granting of a preliminary injunction. Because the Court finds that plaintiff has not met his burden in demonstrating the first threshold inquiries in seeking a preliminary injunction, it will not partake in a "balancing of harms" analysis.

## IV.    CONCLUSION

Accordingly, the Court **REJECTS** the conclusions of law contained within the Report (doc. 32) and **REVERSES and VACATES** the Report. For the abovementioned reasons, plaintiff's pending motion for temporary restraining order or for preliminary injunction (doc. 3) is **DENIED.**

**IT IS SO ORDERED.**

Judge Herndon
2018.09.10
12:08:56 -05'00'

United States District Judge